# SUPREME COURT.

## ALEXANDER KENNEDY agt. THOMAS KENNA.

In an action for goods sold, where, by the pleadings and bill of particulars, it appears that the examination of a long account is involved, a reference cannot be defeated by an offer of the defendant, subsequent to the service of his answer, that on the trial he will not dispute or question the items of plaintiff's claim, as to their number, their character, their value or their price.

Such an offer does not obviate the necessity of proving each sale and delivery to the defendant, and as the account must be examined to that extent a reference is proper.

The principle laid down in *Welsh* agt. *Darragh* (52 *N. Y. R.*, 590) followed.

*Albany Special Term, August,* 1875.

*Before* A. M. OSBORN, *Justice.*

THE complaint in this action claimed to recover the sum of $206, balance of an account for meat alleged to have been sold to defendant at various times, and averred that the defendant repeatedly promised to pay the account. The defendant demanded a bill of particulars, which was served, showing dealings between the parties amounting to $1,240, and over fifty different items. The defendant's answer was verified, and consisted of a general denial. Subsequently, the answer was amended, admitting that the plaintiff sold and delivered certain goods, but denied they were sold to the defendant, and further denied any indebtedness to the plaintiff. The other allegations of complaint were admitted.

Plaintiff moved for an order of reference. Defendant opposed the motion, and read an affidavit, in which he stated

"that his defense consists wholly in a denial of the sale and delivery of the goods to him," and offered "to stipulate that on jury trial of the issue of fact joined in this action, he will not dispute or question the items of said claim, either as to their number, their character, their value or their price."

*Desmond S. Lamb*, for defendant, argued against a reference, citing *Seigel* agt. *Heid* (36 *How. Pr. R.*, 506).

*Edward J. Meegan*, for plaintiff.

I. By section 271 of the Code, the court may compulsorily order a reference, "where the trial of an *issue of fact* shall require the examination of a long account on either side."

1. The Code prescribes that issues of fact in ordinary actions can be made only by the pleadings of the parties (*Code, secs.* 140 *to* 143).

2. The complaint set forth a cause of action referable in its nature, and when motion papers were served the plaintiff was entitled to a speedy trial by reference.

3. Nothing is disclosed by the pleadings that it was not the defendant's intention to contest the plaintiff's claim in every respect; and it is contrary to the genius of our system of practice to permit a defendant to supplement his answer by affidavit, containing admissions, with the avowed purpose of defeating the plaintiff of a remedy secured him by the Code.

4. *Seigel* agt. *Heid*, cited by defendant's counsel, is very briefly reported, no opinion being written, and nothing appears from the case to warrant the proposition in the syllabus. However, this case is overruled in *Welsh* agt. *Darragh* (52 *N. Y. R.*, 590). It is there held that "the character of the action is determined by the complaint. If that is upon contract the action is referable." CHURCH, Ch. J., at page 593, says: "To some extent, therefore, the account must be examined, and the several items considered upon the trial."

5. In the case at bar, the account must be examined to some

extent.   The plaintiff must prove each item, a sale and delivery to defendant; and is much stronger than *Welsh* agt. *Darragh* (*supra*), for there the plaintiff had merely to identify the property delivered.

6. The defendant does not stipulate that if there be any recovery at all it be for the full amount claimed, but puts upon the plaintiff the burden of proving each sale, as if no admission was made.

II. The motion for reference is opposed in bad faith and for delay.   The defendant verifies and serves an answer containing a general denial.   Subsequently, he verifies and serves an amended answer, so as to admit the allegation in the complaint that he had repeatedly promised to pay the account sued upon.   He fails to state who he claims is the real debtor.   The court should not lend itself to obstruct the collection of a claim against one who, upon the pleadings, concedes that he repeatedly promised to pay it.   A reference is discretionary in so far that no appeal lies (*Hatch* agt. *Wolf*, 30 *How. Pr.*, 65; *Smith* agt. *Dodd*, 3 *E. D. Smith*, 348).

Judge Osborn granted the motion, and ordered that the cause be referred to D. Cady Herrick, Esq., to hear and determine the same — ten dollars costs of making and opposing motion to abide the event.