KRINSKI v. MENSCHEL et al.

(Supreme Court, Appellate Division, Second Department. June 11, 1915.)

1. REFERENCE ⬳7—COMPULSORY REFERENCE—COMPLAINT.

Ordinarily the complaint determines whether the action is one which may be compulsorily referred.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 7–12; Dec. Dig. ⬳7.]

2. REFERENCE ⬳22—COMPLAINT CALLING FOR REFERENCE—GENERAL DENIAL —ATTORNEY'S AFFIDAVIT.

Where the complaint set out a long account calling for compulsory reference, when the correctness of the items were put in issue by a general denial, the referable character of the issues thus made could not be defeated by an affidavit of defendant's attorney making it appear that some matters in the account would not be questioned; the attorney could not so nullify his client's sworn denial.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 38; Dec. Dig. ⬳22.]

Appeal from Special Term, Kings County.

Action by Joseph Krinski against Benjamin Menschel and another. From an order of reference, the defendant named appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and PUTNAM, JJ.

Henry S. Mansfield, of New York City, for appellant.
Abraham L. Doris, of Brooklyn, for respondent.

PER CURIAM. **[1, 2]** It is the complaint which ordinarily determines if the action is one which may be compulsorily referred (Steck v. Colorado Fuel & Iron Co., 142 N. Y. 236, 37 N. E. 1, 25 L. R. A. 67); and, if the matters of an account of over 50 items appearing on the face of the complaint are put in issue by a general denial, the examination and proof of this long account are directly involved. The referable character of issues thus made on the answer cannot be defeated by the attempt, through an affidavit by defendant's attorney, to make it appear that some matters in the account will not be questioned, since an attorney cannot in this way undo his client's sworn denials. Kennedy v. Kenna, 49 How. Prac. 308.

The order of reference is·therefore affirmed, with $10 costs and disbursements, with liberty, however, to the appellant to apply at Special Term to vacate the order of reference upon his stipulation admitting the correctness of the account.